# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:19-cv-07087-VAP-AS | Date October 8, 2019 |
| Title *Jared Ryan Milgrim v. Elain Levy et al* | |

Present: The Honorable VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

| BEATRICE HERRERA | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** MINUTE ORDER (IN CHAMBERS) DENYING EX PARTE APPLICATION FOR PERMANENT INJUNCTION, PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [DOC. NO. 30]

On October 7, 2019, Plaintiff Jared Milgram filed an Ex Parte Application for a Permanent Injunction, Preliminary Injunction, and Temporary Restraining Order, asking the Court to enjoin Defendant Elain Levy from releasing a video recording allegedly involving Plaintiff. (Doc. No. 8).

Plaintiff fails to establish why he seeks this relief on an ex parte basis, which is appropriate only in the face of "real urgency." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 194 (C.D. Cal. 1989). Both the Federal Rules of Civil Procedure and the Local Rules of this Court "contemplate that noticed motions should be the rule" because noticed motions "provide a framework for the fair, orderly, and efficient resolution of disputes." *Id.* at 193. Ex parte applications throw this system "out of whack." *Id.* Accordingly, absent a showing that "bypassing the regular noticed motion procedure is necessary," an ex parte filing is procedurally improper. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995). To justify ex parte relief, the moving party must show (1) that his "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) that he is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* Plaintiff has not established either of these criteria, nor has he complied with the requirements of Local Rule 7-19, such as serving notice on opposing parties.

Additionally, Plaintiff has not met the standard for issuing a temporary restraining order. The purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until a hearing may be held on the propriety of a preliminary injunction. *See Reno Air Racing Association, Inc. v. McCord,* 452 F.3d 1126, 1131 (9th Cir. 2006). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In this Circuit, a plaintiff may obtain a preliminary injunction upon a lesser showing of the merits if the balance of hardships tips "sharply" in his favor, and he has satisfied the other two *Winter* requirements. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). "A preliminary injunction is an extraordinary and drastic remedy . . . ; it is never awarded as of right." *Munaf v. Green*, 553 U.S. 674, 689-90 (2007) (citations omitted).

The Court finds that Plaintiff has not established any of conditions necessary to grant a temporary restraining order, preliminary injunction, or permanent injunction. Plaintiff's application provides few facts and, to the extent it addresses the *Winters* factors, offers only legal conclusions. (*See, e.g.*, Doc. No. 30, 2 at ¶ 2).

Accordingly, the Application is **DENIED,** without prejudice to Plaintiff filing a properly noticed Motion requesting relief.

**IT IS SO ORDERED.**